# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RACHEL CONNORS,                                    )
                                                   )
    Appellant-Defendant Below,                     )
                                                   )
v.                                                 )    I.D. No. 1605010666
                                                   )
                                                   )
                                                   )
STATE OF DELAWARE,                                 )
                                                   )
    Appellee.                                      )

Submitted: October 20, 2017
Decided: January 26, 2018

Upon Appeal from the Court of Common Pleas:

**REMANDED.**

## ORDER

Michael C. Heyden, Esquire, 1201 North King Street, Wilmington, Delaware 19801, Attorney for Appellant.

Samuel B. Kenney, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 N. French Street, 7th Floor, Wilmington, Delaware 19801; Attorney for Appellee.

**WHARTON, J.**

This 26th day of January, upon consideration of the opening Brief of Appellant-Defendant Below, Rachel Connors, the Answering Brief of Appellee, State of Delaware, the Reply Brief of Appellant-Defendant Below, and the record in this matter, it appears to the Court that:

1.    Appellant-Defendant Below Rachel Connors ("Connors") filed a Notice of Appeal requesting judicial review of her June 30, 2017 sentence in the Court of Common Pleas for violating her probation. In considering this appeal, the Court must determine whether the Court of Common Pleas erred in finding Connors in violation of probation and whether it imposed impermissible sentence.

2.    In May of 2016 Connors was charged with possession of drug paraphernalia, a class B misdemeanor.[1] She entered and was subsequently expelled from the Court of Common Pleas Drug Diversion program for testing positive for heroin.[2] As a result, the court sentenced her to Level III probation.[3] While on probation Connors tested positive for opiates and the Court of Common Pleas scheduled a violation of probation hearing for June 30, 2017.[4]

3.    At the time of the hearing, Connors was pregnant and due to deliver a child the following September.[5] The judge found Connors in violation and sentenced

---

[1] Appellee's Answ. Br., D.I. 24, at 1.
[2] *Id.*
[3] Id.
[4] Appellant's Opening Br., D.I. 15, at 1.
[5] *Id.*

her to six months at Level V incarceration with no probation to follow.[6] In handing down the sentence the court stated, "The basic rule for pregnant women, is if you test positive, you have your baby in Baylor. I mean, that's how that works, and I'm not going to find any exception: I never have."[7] While this appeal was pending, Connors had her baby and both Connors and the baby are at home.[8] Connors was never incarcerated.[9]

4.     The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters.[10] When addressing appeals from the Court of Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court.[11] In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record.[12] Factual findings by the Court of

---

[6] *Id.*
[7] Appellant's Reply Br., D.I. 28, at 1-2.
[8] *Id.* at 2.
[9] *Id.* at 2-3.
[10] 11 *Del. C.* § 5301(c).
[11] *Fiori v. State*, 2004 WL 1284205, at *1 (Del. Super. May 26, 2004) (citing *State v. Richards*, 1998 WL 732960 (Del. Super. May 28, 1998).
[12] *Onkeo v. State*, 957 A.2d 2, at * 1 (Table) (Del. 2008).

Common Pleas are given deference and are reviewed for plain error.[13] Legal questions are reviewed *de novo*.[14]

5. Connors was sentenced to six months at Level V incarceration so that she would have her baby in prison. The judge sought to protect Connors' baby by preventing her from continuing to use heroin while pregnant. Pending the outcome of this appeal, however, Connors was not incarcerated and during that time she had her child. Obviously, there is no longer a need to protect Connors' unborn baby by putting her in prison. Because the Court of Common Pleas' stated rationale for incarcerating Connors no longer exists, and the circumstances have materially changed, it is appropriate to remand the matter to the Court of Common Pleas for that Court to reconsider the sentence it imposed on the pregnant Connors.

**THEREFORE,** the Court finds that because the original rationale for Connors' sentence of incarceration no longer exists due to materially changed circumstances, the Court of Common Pleas ought to have an opportunity to reconsider its original sentence. The matter is hereby **REMANDED** to the Court of Common Pleas for that purpose.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

---

[13] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[14] *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. 2002).

4